IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DAVID LYNCH, #81587                                                     PETITIONER

VERSUS                            CIVIL ACTION NO. 4:09cv77-TSL-LRA

WARDEN HOLMAN                                                RESPONDENT

**OPINION AND ORDER**

This matter is before the court, sua sponte, for consideration of dismissal. Petitioner David Lynch, an inmate at the Central Mississippi Correctional Facility, Pearl, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 on June 12, 2009.

Petitioner was convicted of possession of contraband in the Circuit Court of Quitman County, Mississippi, and was sentenced on November 6, 2008, to serve 15 years in the custody of the Mississippi Department of Corrections. According to the petition, as well as the Mississippi Supreme Court website, petitioner's direct appeal of his conviction is pending before the Mississippi Court of Appeals in cause number 2008-KA-01874-COA.[1]

The petitioner claims as grounds for habeas relief that his rights to due process have been violated, his attorney has been ineffective, and the conviction was the result of an illegal

---

[1] The Mississippi Supreme Court website also states that the notice of appeal was filed on November 13, 2008. The brief filed on behalf of petitioner was filed on May 4, 2009, and the brief filed on behalf of the State was filed on May 28, 2009. This court further finds that there has been no decision rendered in that appeal.

search and seizure.

As required by Haines v. Kerner, 404 U.S. 519 (1972), this court has liberally construed petitioner's allegations and has reached the following conclusion.

It is a fundamental prerequisite to federal habeas relief that a petitioner exhaust all of his claims in state courts prior to requesting federal collateral relief. Sterling v. Scott, 57 F.3d 451, 453 (5th Cir.1995), cert. denied, 116 S.Ct. 715 (1996). Title 28, Section 2254 of the United States Code provides in part as follows:

> (b)(1) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * * * * * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, petitioner must present his claims to the state's highest court in a procedurally

proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims. O'Sullivan v. Boerckel, 526 U.S. 838 (1999). "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." Fisher v. Texas, 169 F.3d 295, 302 (5th Cir.1999), see also Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998). It is clear that petitioner is in the process of exhausting his state remedies since his direct appeal is pending with the Mississippi Court of Appeals. As such, petitioner's application will be dismissed without prejudice for failure to exhaust his available state remedies.

A final judgment in accordance with this opinion and order will be issued this date.

SO ORDERED, this the ___7th___ day of July, 2009.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE